UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: THE HOME DEPOT, INC., CUSTOMER
DATA SECURITY BREACH LITIGATION                                MDL No. 2583


## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in an action pending in the Northern District of Georgia move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Georgia. This litigation currently consists of eleven actions—four actions in the Northern District of Georgia, two actions in the Northern District of Illinois, and one action each in the Southern District of California, the Southern District of Florida, the Southern District of Illinois, the Eastern District of Missouri, and the Eastern District of New York—as listed on Schedule A.[1]

All parties agree that centralization is warranted, but they disagree about the most appropriate transferee district. In addition to the movants, plaintiffs in fourteen actions and potential tag-along actions support centralization in the Northern District of Georgia, as do common defendants Home Depot U.S.A., Inc., and its corporate parent, The Home Depot, Inc. (collectively, Home Depot). Plaintiffs in another five actions and tag-along actions suggest centralization in the Middle District of Florida, while the plaintiff in a potential tag-along action pending in the Eastern District of Louisiana suggests that district as the transferee forum. Finally, several plaintiffs alternatively suggest either the Northern District of Georgia or the Middle District of Florida.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from a data security breach at stores owned and operated by Home Depot between April and September, 2014, that involved the payment card information of, by one estimate, some 56 million credit and debit cards. All of the actions contain allegations that customers' personal financial information was compromised as a result of this data

---

[*] Judge Charles R. Breyer took no part in the decision of this matter. Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The motion originally listed only three actions, but it was amended to add another eight actions. The Panel also has been notified of twenty related actions pending in the Northern District of California, the Southern District of California, the Middle District of Florida, the Northern District of Georgia, the Eastern District of Kentucky, and the Eastern District of Louisiana. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

security breach. Centralization thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

An alternative suggestion by several financial institution plaintiffs to place the actions brought by such plaintiffs in a separate MDL in the Northern District of Georgia merits comment. All the actions, whether brought by consumers or by financial institutions, arise from a common factual core—namely, the Home Depot data breach. Therefore, they will share common discovery and pretrial practice, even if certain claims or defenses are not identical. As we have stated on numerous occasions, a complete identity of common factual issues is not a prerequisite to transfer under Section 1407, and the presence of additional facts or differing legal theories is not significant when the actions arise from a common factual core. *See, e.g.*, *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012). Accordingly, we will not separately centralize the consumer and financial institution actions. The transferee court may employ any number of pretrial techniques—such as establishing separate discovery and motion tracks—to manage this litigation efficiently.

We are persuaded that the Northern District of Georgia is the most appropriate transferee district for pretrial proceedings in this litigation. Home Depot is headquartered in the Northern District of Georgia. Thus, relevant documents and witnesses are likely located within the district. Nineteen of the thirty-one actions and potential tag-along actions are pending in Northern District of Georgia, and a majority of the parties, including Home Depot and plaintiffs in fifteen actions and potential tag-along actions, support centralization there. Additionally, the district is easily accessible for the parties in this litigation, which is nationwide in scope. Finally, by appointing the Honorable Thomas W. Thrash, Jr., to preside over this matter, we select a jurist with multidistrict litigation experience and the ability to steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Lewis A. Kaplan
Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

IN RE: THE HOME DEPOT, INC., CUSTOMER
DATA SECURITY BREACH LITIGATION                MDL No. 2583

# SCHEDULE A

<u>Southern District of California</u>

KHALAF, ET AL. v. HOME DEPOT U.S.A., INC., C.A. No. 3:14-02175

<u>Southern District of Florida</u>

RIVERON, ET AL. v. HOME DEPOT U.S.A., INC., C.A. No. 9:14-81175

<u>Northern District of Georgia</u>

SOLAK, ET AL. v. THE HOME DEPOT, INC., C.A. No. 1:14-02856
MAZEROLLE v. THE HOME DEPOT, INC., C.A. No. 1:14-02887
MURPHY v. HOME DEPOT, INC., C.A. No. 1:14-02909
FIRST CHOICE FEDERAL CREDIT UNION v. THE HOME DEPOT, INC.,
    C.A. No. 1:14-02975

<u>Northern District of Illinois</u>

O'BRIEN v. HOME DEPOT, INC., C.A. No. 1:14-06975
DOLEMBA v. HOME DEPOT U.S.A., INC., C.A. No. 1:14-07220

<u>Southern District of Illinois</u>

MARKO, ET AL. v. HOME DEPOT U.S.A., INC., C.A. No. 3:14-00981

<u>Eastern District of Missouri</u>

HARTMAN v. HOME DEPOT U.S.A., INC., C.A. No. 4:14-01545

<u>Eastern District of New York</u>

O'BRIEN, ET AL. v. HOME DEPOT U.S.A., INC., ET AL., C.A. No. 2:14-05301